IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-03165-D

**Napoleon J. Rankin Bey,**

        Plaintiff,

v.

**Lt. Penland and Officer Woodie**,

        Defendants.

**Order &
Memorandum & Recommendation**

      Plaintiff, Napoleon J. Rankin Bey, a state inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C § 1983. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). Also before the court is Rankin Bey's motion to proceed without the prepayment of fees (D.E. 6). For the following reasons, the motion to proceed without the prepayment of fees is DENIED because Rankin Bey has previously has previously filed at least three actions that courts have dismissed as frivolous, malicious, or failing to state a claim. Additionally, the undersigned magistrate judge recommends that the district court dismiss Rankin Bey's claims because his claims are frivolous.

      The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

1

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Here, as an initial matter, the undersigned notes that plaintiff has twice been directed to file his complaint on the forms prescribed for use by this court (D.E. 3, 5). Plaintiff has not complied with this directive, and his complaint could be dismissed for that reason alone.

Moreover, a prisoner cannot proceed without the prepayment of fees:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. *See Tolbert v. Stevenson*, 635 F.3d 646, 650 (4th Cir. 2011); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006); *Altizer v. Deeds*, 191 F.3d 540, 544 (4th Cir. 1999).

Rankin Bey has filed at least three actions that courts have dismissed as frivolous, malicious, or failing to state a claim. *See Rankin Bey v. Roush*, No. 5:15-CT-3290-BO, D.E. 8 (listing cases). Therefore, in order to avoid dismissal under § 1915(g), Rankin Bey must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(g).

2

The imminent danger of serious physical injury "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

Here, Rankin Bey's complaint is not a model of clarity. However, it appears that he contends that defendants were verbally abusive towards in the process of giving him an order. Compl. at 1–2, D.E. 1. Not only do these allegations fail to establish that Rankin Bey is under imminent danger of serious physical injury, they are frivolous on their face. *See, e.g., Henslee v. Lewis*, 153 F. App'x. 178, 180 (4th Cir. 2005) ("mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."). Accordingly, Rankin Bey's motion to proceed without the prepayment of fees (D.E. 6) is DENIED, and the undersigned recommends that Rankin Bey's complaint be dismissed as frivolous.

## Conclusion

As discussed above, Rankin Bey's motion to proceed without the prepayment of fees (D.E. 6) is DENIED. In addition, the undersigned magistrate judge recommends that the district court dismiss Rankin Bey's claims.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo*

determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: September 13, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge